IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIME FERNANDO SANCHEZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 4:17-CV-2374 |
| | : | |
| UNITED STATES OF AMERICA, | : | (Judge Brann) |
| | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

APRIL 3, 2018

## I.   BACKGROUND

Jaime Fernando Sanchez, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood) filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden Spaulding. Petitioner's request to proceed *in forma pauperis* will be granted.

Sanchez states that he is presently serving a sentence which was imposed by the United States District Court for the Southern District of Florida on January 9, 2015. *See* Doc. 1, ¶ 4. Petitioner's pending action seeks federal habeas corpus relief on the grounds that his trial counsel provided ineffective assistance and his sentence was improperly enhanced.

Petitioner indicates that his pending claims were included in a direct appeal which was denied by the United States Court of Appeals for the Eleventh Circuit on December 1, 2015. *See id.*, ¶ 7. Sanchez also acknowledges previously filed a motion with the sentencing court pursuant to 28 U.S.C. § 2255 which was denied on February 2, 2017. *See id.*, ¶ 10.

## II. DISCUSSION

### A. Standard of Review

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* Civ. No. 4:05-cv-956,

2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

   **B.**   *Dorsainvil*

Petitioner is apparently arguing that he may bring his present claims of ineffective assistance of counsel and an improperly enhanced sentence via a § 2241 petition. It would further appear that it is Sanchez's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at LSCI-Allenwood.

A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). However, when challenging the validity of a federal sentence and not its execution, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251;

*Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

Petitioner's instant claims are not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Rather, Sanchez's action vaguely asserts that he received ineffective assistance of counsel and also generally challenges his sentence enhancements because they were not proven by a preponderance of the evidence. As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

As previously discussed, Sanchez is challenging the validity of his federal conviction and sentence enhancements imposed by the Southern District of Florida. Since Petitioner's argument concerns the validity of his sentence, he

must follow the requirements of § 2255. As noted earlier, Petitioner states that he previously filed a direct appeal and a § 2255 action. Despite the vagueness of the pending petition, it appears that Sanchez's pending arguments were raised in those prior proceedings.

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id*. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

As noted earlier, Petitioner's pending arguments are not based upon a contention that his conduct is no longer criminal as a result of some change in the law made retroactive to cases on collateral review. Sanchez has also not shown that he was unable to present his instant claims in a successive § 2255 proceeding or that they are based upon any newly discovered evidence.

Here, Petitioner's pending claims do not fall within the narrow *Dorsainvil* exception to the general rule that § 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. April 2009)*; Wyatt v.*

*Warden Fort Dix*, No. 17-1335, 2017 WL 1367239 *2 (D.N.J. April 10, 2017) (sentencing enhancement claim not properly asserted under § 2241). Since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's pending arguments, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to seek permission to pursue a successive § 2255 action.

      An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge